1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10   KEVIN SHAY, on behalf of ROBERT
     M. SHAY,
11                                                  CASE NO. 11cv5622-BHS-JRC

12                         Plaintiff,               REPORT AND
                                                    RECOMMENDATION ON
13            v.                                    PLAINTIFF'S COMPLAINT

14   MICHAEL J. ASTRUE, Commissioner                Noting Date: October 19, 2012
     of the Social Security Administration,
15
                          Defendant.
16

17          This matter has been referred to United States Magistrate Judge J. Richard

18   Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19   4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20   271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 16, 17, 18).

21          The ALJ committed legal error by not documenting application of the special

22   procedure required for evaluating mental impairments, despite the presence of multiple

23   mental impairments, such as bipolar disorder, anxiety and substance abuse disorder. The

24

ALJ also committed harmful legal error by failing to provide germane reasons for her

failure to credit fully lay evidence. For these reasons, this matter should be reversed and

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

further consideration.

BACKGROUND

The underlying social security matter involves the disability claim of ROBERT M.

SHAY (hereinafter "Shay"), who was fifty one years old on his amended alleged date of

disability onset of January 29, 2003 (Tr. 30-31). Shay had a work history as a sales

manager and owner of a laundromat (*see* Tr. 34, 47, 131). Shay indicated that he could

"work as little or as much as [he] wanted," due to his ownership status and due to the fact

that the "laundry mat [wa]s self-ran as long as the machines worked" (*see* Tr. 116).

Plaintiff had at least the medically determinable impairments of "bipolar disorder,

anxiety, substance abuse disorder, and degenerative disc disease" (*see* Tr. 19).

PROCEDURAL HISTORY

Shay protectively filed an application for Social Security disability insurance

benefits on June 3, 2008 (*see* Tr. 16, 98-99). His application was denied initially and

following reconsideration (Tr. 16, 52-54, 62-64). Shay requested a hearing on his denial,

and his son substituted for him on his appeal after Shay passed away on May 16, 2009

(*see* Tr. 16, 27-49).

Shay's son, Mr. Kevin Shay, testified at an administrative hearing before

Administrative Law Judge Janis Estrada ("the ALJ") on January 5, 2010 (*see* Tr. 27-49).

On February 16, 2010, the ALJ issued a written decision in which she found that Shay

was not disabled pursuant to the Social Security Act from his amended alleged date of disability onset of January 29, 2003 until his date last insured of June 30, 2004 (*see* Tr. 16-22). She found that Shay did not have any severe impairments at step two in the sequential disability evaluation process (*see* Tr. 19). On June 10, 2011, the Appeals Council denied the request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-3). *See* 20 C.F.R. § 404.981.

On August 15, 2011, plaintiff, KEVIN SHAY on behalf of ROBERT M. SHAY, attached the complaint in this matter to his petition to proceed *in forma pauperis* (*see* ECF Nos. 1, 5). Defendant filed the sealed administrative transcript regarding this matter ("Tr.") on January 23, 2012 (*see* ECF Nos. 11, 13). In his Opening Brief, plaintiff contests, among other things, the ALJ's review of (1) the medical evidence regarding Shay's mental impairments; and (2) the lay testimony (*see* ECF No. 16, pp. 1-10).

<u>STANDARD OF REVIEW</u>

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other

substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *see also U.S. v. Levy*, 391 F.3d 1327, 1335 (11th Cir. 2004) ("the issue is not whether this Court has the power to consider issues not raised in the initial brief; of course it does").

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27

(9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. April 2, 2012) (Dock. No. 10-16578); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." *Stout, supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

## DISCUSSION

Step-two of the Social Security Administration's sequential disability evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). Although the ALJ here indicated initially that plaintiff's medically determinable impairments were severe, the ALJ relied on a finding that Shay "did not have a severe impairment or combination of impairments" in order to support her ultimate conclusion regarding Shay's disability status (*see* Tr. 19, 22). Thus, the sequential disability evaluation process ended at step two.

According to Social Security Ruling 96-3b, "[a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (*i.e.*, the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the

impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p, 1996 SSR LEXIS 10 at *4-*5 (*citing* SSR 96-7p); *see also Slayman v. Astrue*, 2009 U.S. Dist. LEXIS 125323 at *33-*34 (W.D. Wa. 2009). If a claimant's impairments are "not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment does not prevent the claimant from engaging in any substantial gainful activity." *Bowen, supra*, 482 U.S. at 146. Plaintiff bears the burden to establish by a preponderance of the evidence the existence of a severe impairment that prevented performance of substantial gainful activity and that this impairment lasted for at least twelve continuous months.  20 C.F.R. §§ 404.1505(a), 404.1512, 416.905, 416.1453(a), 416.912(a); *Bowen, supra*, 482 U.S. at 146.

      1.  **The ALJ failed to evaluate properly Shay's mental impairments**.

The Social Security Regulations set forth a specific procedure for evaluating mental impairments. 20 C.F.R. § 404.1520a(a). This procedure applies "at each level in the administrative review process," including the ALJ's written decision issued after a hearing. *See id.* According to this procedure, the ALJ first must determine whether or not a medically-determinable mental impairment exists by evaluating the relevant symptoms, signs and laboratory findings. 20 C.F.R. § 404.1520a(b)(1); *see also* 20 C.F.R. §§ 404.1508, 404.1528. In a case where an Administrative Law Judge found that a claimant had a mental impairment, but that it was not severe, the Ninth Circuit concluded that the ALJ committed legal error by failing to document application of the special procedure

required for evaluating mental impairments. *See Keyser v. Comm'r SSA*, 648 F.3d 721, 726 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520a.

Once it is determined that a mental impairment exists, the ALJ must rate the degree of functional limitation resulting from the impairment. 20 C.F.R. § 404.1520a(b)(2). The regulations require the ALJ to include specific findings as to the degree of limitation in specific areas, including activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *See* 20 C.F.R. § 404.1520a(c)(3). As quoted by the Ninth Circuit, the ALJ's written decision "'*must* incorporate the pertinent findings and conclusions based on the technique,' and '*must* include a specific finding as to the degree of limitation in each of the functional areas.'" *See Keyser*, *supra*, 648 F.3d at 725 (*quoting* 20 C.F.R. § 404.1520a(e)(4)) (emphases added by Ninth Circuit).

Here, the ALJ did not discuss explicitly her findings regarding social functioning or her findings regarding concentration, persistence or pace, although she appeared to find that any functional limitations in these areas were mild at most (*see* Tr. 21). In addition, the ALJ failed to discuss lay evidence provided by Shay's son specifically regarding Shay's concentration, persistence or pace, although she discussed information from the relevant testimony, and she likewise failed to discuss his testimony regarding Shay's social functioning (*see* Tr. 36 ("He had trouble focusing on a lot of stuff"); Tr. 39 ("we had to call the medics because he was just in a state of delusion  .  .  .  .  he thought people were out to get him"); Tr. 40 ("He didn't really coagulate with people in public  .  .  .  .  he would be just kinda rude to people  .  .  .  .  say kinda like off put things")).

The lay evidence regarding the severity of plaintiff's mental impairments is significant probative evidence that the ALJ should not have rejected without discussion. In addition, federal regulations require the use of a special procedure when evaluating mental impairments. *See* 20 C.F.R. § 404.1520a. An ALJ commits harmful legal error by failing to document adequately the application of the special procedure required for evaluating mental impairments. *See Keyser, supra*, 648 F.3d at 726.

The error is harmful here as the ALJ relied on her finding that Shay did not have any severe mental or physical impairment in order to conclude that Shay was not disabled and she failed to document adequately her determination that Shay's mental impairments imposed no more than a minimal effect on his ability to work. Therefore, this matter should be reversed and remanded to the Commissioner for further administrative proceedings regarding Shay's mental impairments and the severity thereof.

2. **The ALJ failed to evaluate the lay evidence properly and failed to provide germane reasons for the failure to credit it fully**.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," *see* 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources," *see* 20 C.F.R. § 404.1513 (d)(4), and "other sources" such as nurse practitioners, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d)(1). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling

"SSR" 06-3p, 2006 SSR LEXIS 5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*citing Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because "[i]n determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (*quoting Van Nguyen, supra*, 100 F.3d at 1467) (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Testimony from "other non-medical sources," such as friends and family members, *see* 20 C.F.R. § 404.1513 (d)(4), may not be disregarded simply because of their relationship to the claimant or because of any potential financial interest in the claimant's disability benefits. *Valentine v. Comm'r SSA,* 574 F.3d 685, 694 (9th Cir. 2009).

Here, the ALJ did not provide any reason to fail to credit fully lay evidence offered by other non-medical source, Shay's son, or that offered by other medical source, ARNP Davis. The Court also notes that when rejecting Shay's allegations, the ALJ relied heavily on a finding that "objective medical evidence fails to support his allegations" (*see*

Tr. 20). However, once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's allegations "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain," *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407), and the ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *See Bruce*, *supra*, 557 F.3d at 1116 (*quoting Van Nguyen, supra*, 100 F.3d at 1467) (*citing Smolen*, *supra*, 80 F.3d at 1289).

In addition, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *See Stout, supra*, 454 F.3d at 1056 (reviewing cases). If the Court fully credits the testimony of Shay's son, such as that plaintiff occasionally became delusional, had headaches where he could not get out of bed; had memory problems and trouble focusing, the Court cannot conclude with confidence that no reasonable ALJ could have reached a different disability determination. *See id.*

Therefore, the ALJ's review of the lay testimony provided by Shay's son, and the failure to provide germane reasons for the rejection of this testimony, was harmful error. This error constitutes an independent reason that this matter should be reversed and remanded for further consideration.

The Court also notes that on January 29, 2003, Shay discussed with his medical treatment provider, ARNP Davis, the fact that he had been disqualified from a drug trial

1  for manic depression due to a "severe bout of mania" (Tr. 197). His treatment provider

2  indicated Shay's report of side effects from taking Lithium, and indicated her assessment

3  that he suffered from bipolar disorder (*id.*). She also indicated that he did not appear

4  bothered by his "manic status" (*id.*).

5      In her written decision, the ALJ referenced Shay's lack of medical treatment as a

6  factor in her decision regarding the severity of Shay's impairments and limitations (*see*

7  Tr. 20), however she failed to discuss the evidence suggesting that the lack of medical

8  treatment may have had an explanation other than lack of severity of the mental

9  impairment, such as lack of insight into the need for treatment (*see* Tr. 197). *See* Social

10  Security Ruling ("SSR") 96-7, 1996 SSR LEXIS 4, at *21-*22 ("the adjudicator must not

11  draw any inferences about an individual's symptoms and their functional effects from a

12  failure to seek or pursue regular medical treatment without first considering any

13  explanations that the individual may provide, or other information in the case record, that

14  may explain infrequent or irregular medical visits or failure to seek medical treatment");

15  *cf. Regennitter v. Comm'r SSA*, 166 F.3d 1294, 1296 (9th Cir. 1999) ("Although we have

16  held that 'an unexplained, or inadequately explained failure to seek treatment can cast

17  doubt on the sincerity of a claimant's pain testimony,' we have proscribed the rejection of

18  a claimant's complaint for lack of treatment when the record establishes that the claimant

19  could not afford it") (citations, ellipses and brackets omitted).

20      A person suffering from a mental illness may not realize that he needs his

21  medication, or he may not even realize that his "condition reflects a potentially serious

22  mental illness." *See Van Nguyen, supra*, 100 F.3d at 1465. "'[I]t is a questionable practice

to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (*quoting* with approval, *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

Similarly, the Court notes that plaintiff's son testified that Shay and his family "didn't have really time or money to" travel (*see* Tr. 37). Although these discussed treatment notes were provided by a treatment source who is not an acceptable medical source with respect to the ability to diagnose an impairment, information from the record suggests that Shay may not have realized a need for treatment (*see* Tr. 197) or may not have been able to afford any other medical care (*see* Tr. 37.) and it is not proper to reject "a claimant's complaint for lack of treatment when the record establishes that the claimant could not afford it." *See Regennitter*, *supra*, 166 F.3d at 1296; *see also* SSR 96-7, 1996 SSR LEXIS 4, at *21-*22.

The ALJ assigned to this matter following remand should develop the record, including utilizing the assistance of a medical expert, as necessary, based on further evaluation of the record, including proper evaluation of the medical and lay evidence.

CONCLUSION

The ALJ failed to document application of the required method for evaluating mental impairments and failed to provide germane reasons for rejecting lay testimony.

Based on these reasons and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

405(g) to the Commissioner for further consideration.  **JUDGMENT** should be for

**PLAINTIFF** and the case should be closed.

The **Clerk's Office** is directed to change the caption in the Docket and everywhere else

relevant to the correct designation of plaintiff, *see supra,* caption (*see also* Complaint, ECF No.

5).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

matter for consideration on October 19, 2012, as noted in the caption.

Dated this 27th day of September, 2012.

J. Richard Creatura
United States Magistrate Judge